694 So.2d 924 (1995)
George WICHSER and Ava Wichser
v.
Dudley R. MAJOR, Brett Major, and Major Construction, Inc.
No. 94-CA-1169.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1995.
*925 Keith M. Detweiler, Assistant City Attorney, Terri F. Love, Chief of Criminal Justice, and Avis Marie Russell, City Attorney, New Orleans, for Defendants/Appellants City of New Orleans, Et Al.
John T. Holmes, Covington, for Plaintiffs-Appellants George and Ava Wichser.
Glenn C. McGovern, New Orleans, for Defendants/Appellees.
Before KLEES, ARMSTRONG and JONES, JJ.
*926 KLEES, Judge.
This action arose out of an altercation which occurred on May 19, 1990 between George Wichser and Dudley Major. George Wichser, a police officer with the New Orleans Police Department, ["NOPD"] filed the instant lawsuit against Dudley Major and his brother Brett Major, alleging assault and battery. The Major brothers reconvened against Wichser, the city of New Orleans, the N.O.P.D., and two N.O.P.D. officers, Sergeant Jack Willoughby and Captain Richard Reeves. In their reconventional demand, the Majors alleged that Wichser, acting within the course and scope of his employment with the N.O.P.D., used excessive force on them and illegally harassed, assaulted, battered, and falsely arrested them. Additionally, the Majors contended that the defendants in reconvention were liable for altering reports of investigations by the Internal Affairs Division of the N.O.P.D. and for submitting false or incomplete information to the Disciplinary Committee of the N.O.P.D. in order to exonate from liability officer Wichser, Sergeant Willoughby and the N.O.P.D.
The incident upon which this lawsuit is based arose from the following facts. In May 1990, officer Wichser entered into a contract with Dudley Major, who owned and operated a construction business, to replace the siding on Wichser's home for $350.00. Major performed the work, but when he went to Wichser's house on May 13, 1990 to collect the money, Wichser refused to pay, claiming the work was unsatisfactory. An argument ensued, and Wichser ordered Major to leave his property. According to Major, Wichser continued to threaten and harass him. On May 15, 1990, on the advice of Sergeant Clement DeSalla, a retired police officer and a friend of Major's, Major filed a complaint against Wichser with the Internal Affairs Division of the N.O.P.D.
On May 19, 1990, officer Wichser, who was off duty and in plain clothes, encountered Dudley Major by chance at Schaeffer's Grocery Store, where Wichser had gone to purchase a sandwich for himself and his wife. At this point, Wichser and Dudley Major got into a physical fight, which was then joined in by Brett Major. Brett Major eventually left and returned with Sergeant DeSalla, who separated the other two men. Wichser and Dudley Major each claimed that the other was the initial aggressor of the fight. All three men (Dudley Major, Brett Major and Wichser) were injured. About 25 minutes after the fight broke up, Sergeant Willoughby arrived, conducted a routine investigation, and placed Dudley and Brett Major under arrest.
A full trial on the merits was conducted on September 29 and 30, 1993. On December 1, 1993, the trial court rendered judgment against officer Wichser, Sergeant Willoughby, Captain Reeves and the City of New Orleans. The trial court awarded Dudley Major $600.00 in medical expenses, $2431.00 in dental expenses, $20,000.00 in general damages and $4,000.00 in legal fees, plus interest and costs. Brett Major was awarded $114.00 in medical expenses and $5,000.00 in general damages, plus interest and costs. In extensive written reasons for judgment, the trial judge explained her conclusions. She found, based upon the testimony of an independent eyewitness to the incident, that officer Wichser was the aggressor and that he deliberately battered Dudley and Brett Major. She further found that officer Wichser was acting within the course and scope of his employment when he told Dudley Major he was placing him under arrest. Because Wichser was acting within the course and scope of his employment, the trial judge held the City of New Orleans liable for his actions under the doctrine of respondeat superior. She also concluded that the city was negligent for failing to reprimand or properly supervise Wichser after the Internal Affairs Division of the N.O.P.D. had received a complaint about him.
With regard to the false arrest claim, the trial judge found that officer Wichser unlawfully detained Dudley Major without having probable cause. Moreover, she concluded that officer Willoughby had no probable cause to arrest Dudley and Brett Major because he had discounted the statement of an independent witness which confirmed the statements of the Majors. The trial judge also found that Wichser's harassment and threats toward Dudley Major amounted to *927 intentional infliction of emotional distress. Finally, with regard to damages, the trial judge found that Dudley Major had failed to prove that Wichser's actions had caused a reduction in the Majors' business income, but that Dudley and Brett Major were entitled to the aforementioned amounts in general and special damages for bodily injury and emotional distress. On January 4, 1993, the trial court issued an amended judgment deleting Captain Richard Reeves, who had never been served, from the list of those cast in judgment.
The Wichsers (George and his wife, Ava) have appealed devolutively from the trial court's judgment. The City of New Orleans and Jack Willoughby have appealed suspensively, arguing that the trial court was in error in its determination that officer Wichser was acting within the course and scope of his employment at the time of the incident. The Majors have answered the appeal, claiming that the amount of damages awarded is insufficient and that the trial court made a technical error by not including Ava Wichser as a defendant in the final judgment. After reviewing the record, we conclude that the trial court's judgment is not manifestly erroneous and therefore should be affirmed.

Course and Scope of Employment
The city argues that officer Wichser was not acting within the course and scope of his employment because he was off duty, and the operations manual for the N.O.P.D. states that an off-duty police officer may not come back on duty unless it is in response to a "serious police matter." The city further argues that Wichser acted for purely personal and private reasons, citing Roberts v. Benoit, 605 So.2d 1032 (La.1991). In Roberts, the court found the sheriff's office was not liable for an accidental shooting by an off-duty employee (a cook) who had been commissioned as a deputy sheriff. The court based its decision partly on the fact that the sheriff's office had neither given the gun to the cook/deputy, nor was he required to carry one. In its brief, the city quotes a passage from a 1959 New York case, which was also quoted by the Roberts court:
It is important to distinguish this situation from the cases in which intoxicated or unbalanced police officers, generally after a tour of the bars, proceeded to shoot some innocent bystander. Absent proof of prior notice of such propensities on the part of the authorities, the city may not be held liable under the doctrine because the officer has then gone "outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own."
Roberts, supra, at 1038 (quoting Collins v. City of New York, 11 Misc.2d 76, 171 N.Y.S.2d 710, 714 (Sup.Ct.1958), aff'd 7 N.Y.2d 822, 196 N.Y.S.2d 700, 164 N.E.2d 719 (1959)).
In making this argument, the city fails to recognize that in the instant case, the N.O.P.D. was made aware of Wichser's propensity for illegal harassment of Dudley Major by Major's filing of a complaint against Wichser with the Internal Affairs Division. The trial judge correctly found that the city is liable for its failure to take any action on the complaint. Moreover, the preponderance of the evidence clearly shows that Wichser identified himself as a police officer during the altercation and shouted at Dudley Major that he, Wichser, was placing him under arrest. Both Brett Major and Tiffany Michel, an independent eyewitness who was working at Schaeffer's Grocery Store, testified to this fact. In addition, Sergeant DeSalla testified that as soon as he arrived, Wichser identified himself as a police officer and told DeSalla that he had placed Dudley Major under arrest.
Besides these facts, the trial court relied on the May 19, 1990 worker's compensation claim filed by Wichser with the N.O.P.D., in which Wichser stated that he had told the subject (Major) that he was under arrest and that the subject had resisted arrest. Wichser's claim form further states: "At the point of making the arrest, the officer [himself] should be considered in ON-DUTY status."
Considering the evidence, we conclude that the trial court did not err in determining that officer Wichser acted within the course and scope of his employment, therefore rendering the city liable for his actions.

*928 SUFFICIENCY AND ADMISSIBILITY OF EVIDENCE

The Wichsers contend that the trial court erred by relying too heavily on the testimony of Tiffany Michel and by discounting the testimony of the three parties involved in the fight. We disagree. Ms. Michel's testimony as an independent eyewitness was apparently considered more credible by the trial court than were the conflicting stories told by the parties. We find no manifest error in this conclusion.
The Wichsers also contend that the trial court erred in admitting certain evidence concerning prior allegedly similar incidents involving George Wichser. They contend that the prejudicial value of this evidence outweighed its relevance. We find no merit in this contention.

QUANTUM
The Majors contend that the amount of damages awarded by the trial court is insufficient. Specifically, Dudley Major argues that the award to him should be increased from $20,000.00 to at least $47,000.00 plus an additional $86,400.00 for loss of business income. Brett Major contends that his award should be increased from $5,000.00 to at least $20,000.00. Conversely, the Wichsers argue that both awards are too high.
After reviewing the record, we agree with the trial court that Dudley Major failed to prove loss of business income and is therefore not entitled to damages for that claim. Moreover, we find that the trial judge did not abuse her discretion in awarding Dudley Major $20,000.00 in general damages plus his medical expenses. The record shows that Dudley Major suffered the loss of a tooth in the altercation with officer Wichser. He also endured harassing telephone calls, threatening comments and unnecessary traffic stops for several years instigated by Wichser, as well as the false arrest. Under the circumstances, we find the amount awarded is well within the discretion of the trial court.
We also find that the amount awarded to Brett Major does not constitute an abuse of discretion. Brett Major suffered a broken finger and the false arrest. The $5,000.00 general damages award is not unreasonable under the circumstances.

OMISSION OF AVA WICHSER
Finally, the Majors contend that Ava Wichser should have been cast in judgment with her husband. We find that the trial judge did not err by failing to cast her in judgment. George Wichser was found liable for assault and battery, which are intentional acts. Louisiana Civil Code article 2363 states that "[a]n obligation resulting from an intentional wrong not perpetrated for the benefit of the community" is a separate obligation. Therefore, the trial court correctly rendered judgment against George Wichser alone.
Accordingly, for the reasons given, the trial court's judgment is affirmed.
AFFIRMED.